UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TOSS CORPORATION,<br><br>　　　　　Defendant. | Civil Action No. 4:25-CV-13274-MRG |

**STIPULATED PROTECTIVE ORDER**

　　　　WHEREAS, Plaintiff Philadelphia Indemnity Insurance Company ("PIIC") and Defendant Toss Corporation ("Toss") (collectively, "the Parties") are engaged in litigation in the above-titled action that may require the disclosure of information that one or more of the Parties contend is private, confidential, proprietary, trade secret, and/or otherwise sensitive; and

　　　　WHEREAS, the Parties desire an efficient and practicable means to designate such information as confidential and to retain its confidential status;

　　　　IT IS HEREBY STIPULATED and agreed between the Parties, through their respective counsel of record, and as between any third-party signatory to Attachments 1 or 2, as follows:

　　　　1.　　　The Parties desire to designate certain information disclosed in the above-captioned action in discovery, depositions, expert discovery, and/or trial "Confidential" to ensure that such information is protected against unwarranted disclosure or dissemination.

　　　　2.　　　All documents obtained through discovery in this action, including but not limited to deposition testimony or exhibits; documents produced by the Parties to this action, as well as by third parties; expert discovery and depositions; and any information disclosed in briefing, correspondence, or at hearings or trial on this matter (collectively, "Discovery Material") shall be

subject to this Stipulation. The Confidential material included in the Discovery Material may pertain to both the Parties and third parties as well.

3. The Parties, along with any third parties subject to discovery in this action (collectively, a "Designating Party"), may designate certain Discovery Material, or copies, extracts, or summaries thereof, or any information obtained therefrom, that has already or will in the future be disclosed in this proceeding as "Confidential."

4. The Designating Parties, in good faith, shall designate as Confidential only Discovery Material that constitutes confidential and/or commercially sensitive business, client, technical, sales, marketing, personal, or financial information, or information that any Party or third party is under a legal obligation to maintain as confidential, whether embodied in documentary, tangible, or physical form. Documents, transcripts, materials, and information so designated, including all information contained therein and derived or derivable therefrom, will be referred to as "Confidential Information."

5. Testimony given at deposition may be designated as "Confidential" by counsel of record by making a statement orally to that effect on the record at any time during the deposition, or by communicating in writing the portions being designated as Confidential after receipt of the final certified transcript. Deposition transcripts shall be treated by default as Confidential for 14 days following release of the certified transcript to allow the Parties or relevant third party time to communicate Confidential designations, if any.

6. A receiving Party that files on the public docket or seeks to use at a public hearing or trial Discovery Material designated as "Confidential" must provide the Designating Party with three (3) days' advance notice of its intention to so use Confidential Discovery Material. The Designating Party may seek the Court's permission to have such Confidential materials filed under

seal or otherwise treated confidentially. Any Discovery Material filed under seal shall remain Confidential until either (i) the Designating Party agrees to lift such designation or (ii) a Court order lifts such designation.

7.  Discovery Material or copies, extracts, or summaries thereof, or any information obtained therefrom shall only be used by the receiving Party (and its counsel) for the purposes of this action and/or any appeal(s) of this action.

8.  Notwithstanding any provision of this Stipulation, after providing reasonable notice to the Designating Party and engaging in a good faith attempt to meet and confer, any Party may at any time bring before the Court a request or motion to remove the Confidential designation of any Discovery Material or to seek some lesser degree of protection for such Discovery Material than is provided for herein.

9.  Nothing in this Stipulation is intended to affect or restrict the manner in which Discovery Material is or may be used by the Designating Party who designates it as "Confidential" or any Discovery Material and/or documents, transcripts, materials, and information derived from such Confidential Discovery Material. Similarly, this Protective Order shall not apply to or limit a Party's or third party's use of documents or information (1) obtained through lawful means independently of this proceeding and (2) which the Party or third party is legally entitled to retain.

10. Discovery Material that is designated "Confidential" shall be held in strict confidence, and disclosure shall be limited to the following persons:[1]

   (a) **Author/Addressee**: The author or addressee of any document so designated;

   (b) **Parties***: The named Parties and their respective employees or contract attorneys

---

[1] The headings used in this Section are for convenience and shall not have any independent meaning or aid in the interpretation of the Stipulation.

* Must sign the protective order in order to view Confidential Discovery Material.

whom the Parties' counsel deem necessary to aid in the prosecution or defense of this proceeding;

(c) **Counsel**: The Parties' attorneys of record, the Parties' in-house counsel, as well as such attorneys' respective paralegal, secretarial, and clerical staff;

(d) **Consultants/Experts***: Any person who is retained by a Party or an attorney for a Party as a consultant or expert witness to assist in the prosecution or defense of this action (and their staff), and further provided that any report created by such expert or consultant relying on, referring to, or incorporating designated Discovery Material shall have the same level of designation as the Discovery Material;

(e) **Witnesses***: (i) any fact or expert witness during the course of a deposition, hearing, or trial, or the preparation thereof, or (ii) any fact or expert witness to the extent reasonably necessary in connection with their testimony in this action; provided that any such witness must sign Attachment 2 prior to disclosure in connection with a deposition or deposition preparation;

(f) **Court Reporters/Videographers**: Court reporters, stenographic reporters, and videographers retained to transcribe or film any deposition, hearing, or trial testimony, and their assistants and employees, as necessary;

(g) **Vendors***: Support vendors retained or employed by a Party's or third party's counsel for document processing, photocopying, Bates labeling, indexing of documents, and the like;

(h) **Court:** The Court and its assistants and employees;

(i) **Mock Jury***: Mock jury participants and trial consultants; however, the designated Discovery Material shall be disclosed pursuant to this subsection only by an attorney of record and must always remain in his or her presence. The mock jury participants or trial consultants may not retain a copy of any designated Discovery Material and may not review such Discovery

Material outside the presence of an attorney of record; or

  (j)  **Other\***: Any other person the Designating Party agrees to in writing.

  11.  Each person to whom delivery, exhibition, or disclosure of any Confidential Discovery Material is made pursuant to the subsections of Section 10 indicated by an asterisk (*) shall be provided with a copy of this Stipulation and shall execute an acknowledgment in the form attached hereto as Attachment 2 prior to such delivery, exhibition, or disclosure. Any third party who produces Discovery Material receiving a Confidential designation shall execute Attachment 1 hereto. The original of such acknowledgment shall be maintained by counsel for the Party who obtained the acknowledgment.

  12.  In the event of disclosure of any Confidential Discovery Material to any person or entity not identified above, the Party that made, or learns of, the disclosure shall, upon learning of it:

  (a)  Immediately notify the person or entity to whom the disclosure was made that he, she, or it has received Confidential Discovery Material that is subject to this Protective Order;

  (b)  Immediately make all reasonable efforts to preclude further dissemination or use by the person or entity to whom disclosure was made and to procure the Discovery Material's return or destruction; and

  (c)  Immediately notify the opposing Party and/or Designating Party of the identity of the person or entity to whom disclosure was made, the circumstances of the disclosure, and the steps taken to ensure against further dissemination or use of the information.

  13.  If any person permitted access to any Confidential Discovery Material is served with a subpoena or other court-issued demand for the production of such Discovery Material, the person served with the subpoena shall within seven (7) business days, provide written notice by

e-mail and mail service to counsel for the Designating Party of the service of the subpoena or other demand, including a complete and legible copy of the subpoena or other demand, so that the Designating Party may take any action it deems appropriate to preclude or limit the disclosure of any of its Confidential Discovery Material. If the Party on whom a subpoena or other court-issued demand has been served receives notice that the Designating Party objects to the disclosure of Confidential Discovery Material and has filed a motion seeking to preclude or limit such disclosure, no disclosure shall be made unless and until a court order resolving the motion and permitting disclosure is entered and a writ review, if any, is completed or the time within which a Party or third party might seek such relief expires, or as otherwise required by law. So long as it provides proper notice under this Section to the Party that produced the Confidential Discovery Material that is sought by the subpoena, the Party who did not produce the Confidential Discovery Material sought by the subpoena shall not have an obligation to take any affirmative steps to challenge or resist the subpoena; however, to the extent that the Designating Party seeks to challenge or resist the subpoena, the Party that did not designate the Confidential Discovery Material shall not interfere with these efforts.

      14.    Nothing in this Stipulation shall be deemed to preclude any Party or third party from seeking and obtaining from the Court additional protection for Discovery Material.

      15.    The inadvertent or unintentional disclosure by the Designating Party of any Discovery Material shall not be deemed a waiver, in whole or in part, of the Confidential nature of such material, and the Discovery Material so disclosed and thereafter designated as Confidential shall be governed by, and subject to, the terms of this Stipulation.

16. This Stipulation is without prejudice to the right of any Party or third party to bring before the Court the question of whether any particular information is within the scope of permissible discovery or admissible and all such rights are expressly reserved.

17. Upon final termination of this action, including any and all appeals, counsel for each Party must, upon request of the Designating Party, return all Confidential Discovery Material to the Party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving Party, and must purge all such information from all machine-readable media on which it resides.  Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, briefs, memoranda, motions, and other documents submitted to the Court for the purposes of this action that refer to or incorporate Confidential Discovery Material and will continue to be bound by this Stipulation with respect to all such retained information.  Further, attorney work product materials by Counsel that contain Confidential Discovery Material need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Stipulation with respect to all such retained information.

18. The terms of this Stipulation survive the termination of the action.

19. The Parties and third-party signatories subject to discovery in this action hereto agree to be bound by the terms of this Stipulation pending entry by the Court of its Order as to this Stipulation.

20. This Stipulation may be amended by agreement of the Parties and approval of the Court.  Any Party may, on motion and for good cause shown, apply to the Court for modification of this Stipulation.

21. This Stipulation does not affect the enforceability of any existing confidentiality agreements, confidentiality provisions, or protective orders governing documents, information, or other matter produced in connection with this action, including, but not limited to, confidentiality agreements, protective orders, or restrictions on the dissemination of materials collected or created in the course of other litigation.

22. Notwithstanding the foregoing, nothing in this Stipulation prohibits the disclosure of information about allegedly unlawful acts in the workplace or communications with or reporting possible violations of law to any federal, state, or local governmental office, official, agency, or entity.

23. When a Designating Party gives notice to a receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or other applicable privilege or immunity.

**IT IS SO STIPULATED.**

DATED: January 20, 2026    By: */s/ Jason E. Cohn*

    Jason E. Cohn (BBO #638259)
    Cohn, Rios & Wholley
    Two Center Plaza, 8th floor
    Boston, MA 02108
    (617) 723-1720
    jec@cohnrioswholley.com

    *Attorney for PIIC, Inc.*

DATED: January 20, 2026       By: */s/ Colin J. Zick*

                                      Colin J. Zick (BBO #556538)
                                      Caroline Holliday (BBO #707301)
                                      Foley Hoag LLP
                                      Seaport West
                                      155 Seaport Boulevard
                                      Boston, Massachusetts 02210-2600
                                      Telephone: (617) 832-1170
                                      Facsimile: (617) 832-7000
                                      czick@foleyhoag.com
                                      cholliday@foleyhoag.com

                                      *Attorneys for Toss Corporation.*

**IT IS SO ORDERED.**

DATED: January 27, 2026       By: /s/ Margaret R. Guzman
                                                Margaret R. Guzman
                                      Judge of the United States District Court
                                      for the District of Massachusetts

# ATTACHMENT 1 TO THE STIPULATED PROTECTIVE ORDER
# THIRD PARTY DISCOVERY

I have been served with third party discovery in the action *Philadelphia Indemnity Insurance Company v. Toss Corporation*, United States District Court for the District of Massachusetts, Civil Action No. 4:25-CV-13274-MRG.

I have received a copy of the Stipulated Protective Order ("Protective Order"), and I have carefully read and understand its provisions. I, along with my employees, agents, consultants, and/or representatives, agree to comply with and be bound by all the provisions of said Order.

I understand that I am to handle all copies of any documents designated as CONFIDENTIAL in a secure manner and in accordance with the terms of said Protective Order.

I will not divulge CONFIDENTIAL information obtained pursuant to said Order to persons other than those specifically authorized by said Order, and I will not copy or use such information in any manner prohibited by said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

I state under penalty of perjury under the laws of the Commonwealth of Massachusetts that the foregoing is true and correct.

By: _____

Executed on this date: _____, 202____.

# ATTACHMENT 2 TO THE STIPULATED PROTECTIVE ORDER
## CONFIDENTIALITY AGREEMENT

I have received a copy of the Stipulated Protective Order ("Protective Order") and I have carefully read and understand its provisions. I agree to comply with and be bound by all the provisions of said Protective Order. I understand that I am to handle all copies of any documents designated as CONFIDENTIAL in a secure manner and in accordance with the terms of said Protective Order, and that any copies I receive are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any confidential information or documents designated CONFIDENTIAL are to be returned to counsel who provided me with such material.

I will not divulge CONFIDENTIAL information obtained pursuant to said Protective Order to persons other than those specifically authorized by said Protective Order, and I will not copy or use such information in any manner prohibited by said Protective Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

I state under penalty of perjury under the laws of the Commonwealth of Massachusetts that the foregoing is true and correct.

By: _____

Executed on this date: _____, 202____.